IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

v.                                    Case No.: 6:20-cv-1603

ASPIRE HEALTH PARTNERS, INC.,

        Defendant.

_____/

### CONSENT DECREE

The Consent Decree ("Decree") is made and entered into by and between Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") and Defendant Aspire Health Partners, Inc. ("Aspire").

### INTRODUCTION

1. The EEOC filed this action on September 1, 2020, under the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* ("ADA"), as amended by the Americans with Disabilities Act Amendments Acts of 2008, Pub. L. No. 110-325, 122 Stat 3553 (2008) (codified as amended in scattered sections of 42 U.S.C.), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct alleged unlawful employment practices on the basis of disability and to seek relief for Henrietta Tice.

2. The EEOC alleged that Aspire violated the ADA by failing to hire Henrietta Tice based on her disability and by using her prior worker's compensation claim as a qualification standard. Aspire denies the allegations in the Complaint.

3. In order to resolve the disputes between them regarding this action and to avoid further cost of litigation, the parties have elected to enter into this Consent Decree.

## NO ADMISSION OF LIABILITY

4. It is understood and agreed that Consent Decree is a full compromise of disputed claims, and that neither this Consent Decree nor the payment pursuant to this agreement shall be construed as an admission of any wrongdoing or liability by Aspire.

## EFFECTIVE DATE

5. The Effective Date of this Decree is the date on which the Court gives final approval to the Decree by entering it on the Court docket after motion and hearing, if required.

## GENERAL PROVISIONS

6. This Decree fully and finally resolves the claims asserted in the Complaint filed by the EEOC in this action styled *EEOC v. Aspire Health Partners, Inc.*, Case No. 6:20-cv-01603, in the United States District Court, Middle District of Florida, on September 1, 2020. Such action was brought based on the allegations contained in EEOC Charge Number 511-2018-04949.

7. The Parties acknowledge that this Decree does not resolve any other Charges of Discrimination that may be pending with EEOC against Aspire. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later be filed against Aspire in accordance with standard EEOC procedures.

8. If one or more provisions of this Decree are rendered unlawful or unenforceable, the Parties shall attempt to agree upon what amendment to this Decree, if any,

is appropriate to effectuate the purposes of the unlawful or unenforceable portion of this Decree. In any event, the unaffected provisions will remain enforceable.

9. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties. By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

10. Nothing in this Decree shall be construed to limit or reduce Aspire's obligation to comply with the statutes enforced by EEOC: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., ("Title VII"), Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, as amended, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§621-633a, the Equal Pay Act ("EPA"), 29 U.S.C. §206(d), and the Genetic Information Nondiscrimination Act of 2008 ("GINA"), 42 U.S.C. § 2000f.

## FINDINGS

11. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record and stipulations of the Parties, the Court finds the following:

    a. This Court has jurisdiction over the subject matter of this action and the Parties;

    b. The terms of this Decree are adequate, fair, reasonable, equitable, and just, and the rights of the Parties, and the public interest are adequately protected by this Decree;

    c. This Decree conforms to the Federal Rules of Civil Procedure and the ADA and is not in derogation of the rights or privileges of any person. The entry of

       this Decree will further the objectives of the ADA and will be in the best interest of the parties, Henrietta Tice, and the public; and

    d. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, successors, and assigns of Aspire.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

### DURATION OF THE DECREE & JURISDICTION

12. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of thirty (30) months after the Effective Date, provided, however, that if, at the end of the thirty-month term, any disputes regarding compliance that remain unresolved, the Court will retain jurisdiction of this matter to enforce the Decree.

13. No party shall contest the jurisdiction of this Federal Court to enforce this Decree and its terms or the right of EEOC to bring an enforcement suit upon alleged breach of any term(s) of this Decree;

### CHARGING PARTY'S RELIEF

14. In settlement of this lawsuit, Aspire shall pay the total sum of $115,000 as follows: $57,500 for alleged wage-based compensatory damages, subject to all lawful withholdings, and $57,500 for alleged non-wage-based damages. This sum shall be the full and final amount Aspire shall pay to settle claims brought by the EEOC in this lawsuit based on EEOC Charge of Discrimination No. 511-2018-04949.

15. Checks made payable to "Henrietta Tice" shall be mailed via overnight delivery no later than fourteen (14) business days from the receipt of a signed release in the form

attached as Exhibit A and the I.R.S. tax forms specified in paragraph 16 and the Effective Date, whichever last occurs, to: Henrietta Tice, 4334 Clarinda Street, Orlando, FL 32811.

16. The EEOC shall provide Aspire with an I.R.S. Form W-9 and Form W-4 executed by Ms. Tice. Aspire will issue an I.R.S. Form 1099 and Form W-2 to Ms. Tice for the above listed amounts and send them to the address listed above.

17. If Aspire fails to tender payment as described in paragraphs 14 and 15, above, then Aspire shall pay interest on the defaulted payment at the rate calculated pursuant to 26 U.S.C. § 6621(b) until the same is paid, and bear any additional costs incurred by the EEOC caused by the non-compliance or delay of Aspire, including but not limited to any and all costs arising out of EEOC's efforts to enforce this decree in federal court.

18. Copies of all payments made pursuant to paragraphs 14 and 15 above, and the I.R.S. Form 1099 and Form W-2 referred to in paragraph 16, shall be forwarded to "Robert E. Weisberg, Regional Attorney, Re: Aspire Consent Decree" at U.S. Equal Employment Opportunity Commission, 100 S.E. 2nd Street, Suite 1500, Miami, Florida 33131 and/or mdoconsentdecreecompliance@eeoc.gov and chelsae.ford@eeoc.gov.

## GENERAL INJUNCTIVE PROVISIONS

19. Aspire and its officers, managers, supervisors, employees, agents, successors, and assigns shall not discriminate against applicants in hiring and promotion decisions on the basis of disability, including disabilities incurred in workplace accidents resulting in workers' compensation claims when the applicant is able to perform the essential functions of the position with or without a reasonable accommodation.

20. Aspire, its officers, managers, supervisors, agents, employees, successors in interest, and all persons acting in concert with them or on their behalf, shall not retaliate against applicants for opposing any hiring practice made unlawful by the ADA; filing a charge of discrimination on the basis of disability; or assisting in any investigation, proceeding, or hearing in connection with any charge of disability discrimination or complaint of disability discrimination.

**ONGOING COMMITMENT TO EQUAL EMPLOYMENT OPPORTUNITY**

21. Within thirty (30) business days of the Effective Date, Aspire will amend its ADA policy so that it explicitly states that workers' compensation may be available to employees in the event of a workplace injury and that employees will not suffer any adverse employment actions as a result of filing a workers' compensation claim; however, a worker must still be able to perform the essential functions of a job with or without a reasonable accommodation. The policy shall be made available in Aspire's policy portal ("AspireNet Intranet Portal") and notice shall be distributed to all current Aspire employees, within thirty (30) days of its adoption, advising them of the amendment of the policy and instructing them to go to the AspireNet Intranet Portal and review same. Aspire will continue to provide all new employees access to its AspireNet Intranet Portal consistent with Aspire's normal new employee orientation process.

22. During the duration of this Decree, Aspire will include the following language in all job advertisements: "Aspire is an Equal Opportunity Employer."

23. During the duration of this Decree, each application, whether paper or electronic, shall include the following language: "Aspire is an Equal Opportunity Employer."

## TRAINING

24.     Upon execution of this Decree, Aspire shall provide three (3) hours of live training – either in-person or via a virtual platform (i.e., Zoom or WebEx) - on disability discrimination twice during the term of this Decree for its human resources personnel involved in Aspire's hiring and/or termination processes. To the extent the training is done virtually, the technology must allow for both the trainer and the participants to be visible on screen.

25.     The initial training shall take place no later than December 31, 2020. The second training shall take place within the final fifteen months of the term.

26.     The trainings shall be conducted at Aspire's expense by a Subject Matter Expert ("SME") mutually agreed upon by the EEOC. The EEOC's agreement on a SME will not be unreasonably withheld.

27.     The trainings shall include, but is not limited to, the following: (1) an explanation of the prohibition against discrimination based on disability; (2) an explanation on how to avoid discrimination in interviewing and hiring including, but not limited to, avoiding relying on prior Aspire workers' compensation claim files to determine whether an applicant can perform the essential functions of a job.

28.     Aspire agrees that the EEOC, at its discretion, may attend training sessions required by this Consent Decree. Aspire will provide the EEOC with at least ten (10) business days' advance notice of the time, date, and location or log-in information for each training. The notice shall be sent to Robert E. Weisberg, Regional Attorney and Chelsae Ford with the

subject line "Aspire Consent Decree" at mdoconsentdecreecompliance@eeoc.gov and chelsae.ford@eeoc.gov.

29.  Within seven (7) business days of the completion of each training session, Aspire will notify the EEOC in writing of the completion of the date of the training session and the name and job title of each person who attended the training. This information shall be sent to Robert E. Weisberg, Regional Attorney, and Chelsae Ford with the subject line "Aspire Consent Decree" at mdoconsentdecreecompliance@eeoc.gov and chelsae.ford@eeoc.gov.

30.  All current employees with who conduct interviews or otherwise have a role in the selection of applicants for Aspire positions will receive a copy of Exhibit B within fourteen (14) business days of the Effective Date.

## NOTICE

31.  Within ten (10) business days after the Effective Date of this Decree, Aspire will post a copy of the Notice attached as Exhibit C on a conspicuous location in each Aspire-owned facility. The Notice shall be at least eleven by fourteen inches and laminated. The Notice will remain posted for the duration of this Decree. Aspire will take reasonable steps to ensure that the postings are not altered, defaced or covered by any other material. Aspire will certify to the EEOC in writing within fourteen (14) business days after the Effective Date of the Decree that the Notices have been properly posted.

## MONITORING AND REPORTING

32. Aspire will provide to the EEOC three written reports (one on June 15, 2021, one on February 28, 2022, and one on November 15, 2022, unless the parties agree upon other mutually agreeable reporting dates) that shall include:

    a. A certification that Aspire has complied with paragraphs 22-23;

    b. A certification that the Notices required to be posted in paragraph 31 remained posted during the entire period preceding the report; and

    c. A report detailing all complaints of disability discrimination during the hiring process made by an applicant to any Aspire position. The report shall include a description of the nature of each complaint received and what action (if any) Aspire took in response to the Complaint. In the event there are no known complaints, Aspire shall indicate so.

33. Nothing contained in this Decree shall be construed to limit any legal obligation Aspire may otherwise have to maintain records.

## NOTICE AND DISPUTE RESOLUTION

34. In the event that either party believes that the other party has failed to comply with any provisions of the Decree, the complaining party shall notify the alleged non-complying party in writing of such non-compliance and afford the alleged non-complying party fourteen (14) business days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has, in fact, complied. This time period may be extended by the parties by written agreement. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied

within fourteen (14) business days (or such time period as otherwise agreed), the complaining party may apply to the Court for appropriate relief.

## NOTIFICATION OF SUCCESSORS

35. Aspire shall provide prior written notice of this lawsuit and a copy of the Complaint and this Decree to any potential purchasers and/or successors of Aspire.

## COSTS AND ATTORNEY'S FEES

36. Each party to this Decree shall bear its own attorneys' fees and costs associated with this litigation and Decree.

**IT IS SO ORDERED** in Orlando, Florida on _____, 2020.


_____
The Honorable Wendy Berger
United States District Judge



AGREED TO:

FOR PLAINTIFF U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

BY: _____      Date: _____

  ROBERT E. WEISBERG

Title: Regional Attorney
  U.S. EEOC
  Miami District Office
  100 S.E. 2nd Street,
  Suite 1500
  Miami, Florida 33131
  Tel: 305-808-1789

FOR DEFENDANT ASPIRE HEALTH PARTNERS, INC.

By: _[signature]_     Date: 9.23.2020

Title: CEO

As to form:

By: _[signature]_     Date: 9-20-20

    JEFFREY JONES

Title: Counsel for Aspire
       Littler Mendelson P.C.
       111 North Orange Avenue
       Suite 1750
       Orlando, FL 32801
       Tel: (407)393-2933

# EXHIBIT A

In consideration for the total sum of One Hundred and Fifteen Thousand Dollars and Zero Cents ($115,000.00) paid to me by Aspire Health Partners, Inc. in the form of two payments - $57,500 for alleged wage-based compensatory damages, subject to all lawful withholdings, and $57,500 for alleged non-wage-based damages - in connection with the resolution of *EEOC v Aspire Health Partners, Inc.*, Civil Action No. Case No.: 6:20-cv-1603, pending in the United States District Court, Middle District of Florida, Orlando Division, I waive my right to recover for any claims of disability discrimination arising under the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* ("ADA"), as amended, prior to the date of this release and that were included in the EEOC's Complaint in *EEOC v Aspire Health Partners, Inc.*, Civil Action No. Case No.: 6:20-cv-1603.

Date:_____  Signature:_____
                                                                        Henrietta Tice

## EXHIBIT B

## NOTICE TO EMPLOYEES WITH HIRING RESPONSIBILITIES

**Americans With Disabilities Act.** The Americans with Disabilities Act (ADA) makes it unlawful for employers to discriminate against individuals because of a disability in hiring, firing, or any other terms and conditions of employment. Under the ADA, a person has a disability if he has a physical or mental impairment that substantially limits a major life activity. The ADA also protects individuals who have a record of a substantially limiting impairment, and people who are regarded as having a substantially limiting impairment.
In order to be protected by the ADA, a disabled individual must be qualified to perform the essential functions of the job with or without reasonable accommodation. This means that the applicant must satisfy any qualification standards that are job related and must be able to perform tasks that are necessary for the job, although he or she may require a reasonable accommodation. A reasonable accommodation is any change or adjustment to a job or work environment that would allow an applicant to perform the functions of a job. However, it is not necessary to provide a reasonable accommodation if doing so would cause an undue hardship.

Under the ADA, it is unlawful to ask an applicant whether he or she is disabled or about the nature or severity of a disability or to require an applicant to take a medical examination before making a job offer.

**Retaliation.** The ADA also prohibits an employer from retaliating against an individual for opposing employment practices that discriminate based on disability or for filing a discrimination charge, testifying, or participating in any way in an investigation, proceeding, or litigation under the ADA.

## EXHIBIT C

## NOTICE TO ALL ASPIRE HEALTH EMPLOYEES

This Notice is being posted pursuant to a Consent Decree between Aspire Health Partners ("Aspire") and the U.S. Equal Employment Opportunity Commission ("EEOC") approved by the U.S. District Court, Middle District of Florida, in *EEOC v. Aspire Health Partners, Inc.*, Case No. 6:20-cv-1603.

Aspire's policy and the Americans With Disabilities Act ("ADA") protect individuals from employment discrimination because of disability. Aspire does not condone employment discrimination on the basis of disability. Aspire adheres to its policy of prohibiting intentional discrimination in violation of the provisions of the ADA.

Aspire also assures its employees that its commitment to following the ADA includes not retaliating against an employee because he/she has exercised his/her rights under the law to oppose disability discrimination or to file charges of disability discrimination with EEOC. Aspire will take appropriate corrective action against any employee found to have violated its policy prohibiting disability discrimination and retaliation.

EEOC enforces the federal laws against discrimination in employment on the basis of disability and retaliation. The EEOC maintains offices throughout the United States and can be contacted at (800) 669-4000. EEOC has employees who speak languages other than English.

This Notice will remain posted for thirty (30) months from the date of signature.

Date: _____

VP of Human Resources
Aspire Health Partners